IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HAJI JOHNSON, DANNY J. GARRETT,
DENNIS H. JACKSON, ORDER
EMANUEL D. JOHNSON,
SHELTON LOVE, CHARLES L. MOBLEY, 10-cv-330-bbc
MARK D. PETERSON, JAMES PRICE,
JOHN ROUNDS, CRAIG A. SUSSEK
and MARVIN BELLINGER,

                    Plaintiffs,

     v.

RANDALL HEPP, TIM HAINES,
CHERYL WEBSTER, RICK REAMISCH
and ISREAL OZANNE,
                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a group action brought by plaintiffs, inmates at the Stanley Correctional Institution, alleging violations of their constitutional rights. Plaintiff Haji Johnson has filed a request for leave to proceed in forma pauperis. The remaining plaintiffs have not paid the $350 filing fee or submitted a six-month trust fund account statement. Therefore, I construe the complaint to include a request to proceed in forma pauperis on their behalf. (Although plaintiffs have joined their claims in one complaint, each is bringing an action subject to the

1

1996 Prison Litigation Reform Act and each must pay the full $350 fee for filing the action. Boriboune v. Berge, 381 F.3d 852, 856 (7th Cir. 2004).) A decision on the requests will be delayed until each plaintiff makes an initial partial payment of the $350 filing fee as required by 28 U.S.C. § 1915(b) and the 1996 Prison Litigation Reform Act, and until each plaintiff confirms that he wishes to prosecute his action in a group complaint, understanding the consequences of doing so as explained in this order.

Plaintiffs should be aware that when two or more prisoners join their claims in one lawsuit, each prisoner who signs the complaint attests to the validity of all of the individual claims in the complaint, whether or not they concern him personally. The court is required to record a strike under 28 U.S.C. § 1915(g) against each plaintiff named in the caption of the action on a finding that any one claim is frivolous, malicious or fails to state a claim upon which relief may be granted. Therefore, each prisoner assumes the risk of incurring a strike if any one claim relating to any other plaintiff warrants a strike under § 1915(g).

In addition, each plaintiff will be held legally responsible for knowing precisely what is being filed in the case on his behalf. He will be subject to sanctions under Fed. R. Civ. P. 11 for any pleading, motion or other paper filed over his name if such sanctions are imposed as to any aspect of the case.

In screening the complaint, the court will consider whether the action of one plaintiff should be separated from the action of the other plaintiff. If it decides separation (or

2

severance) is appropriate, the plaintiff bringing the severed action will be required to prosecute his claims in a separate lawsuit.

Because plaintiffs may not have been aware of the consequences of joining their claims in one lawsuit, I will give each an opportunity to withdraw from the suit. Any prisoner who does not withdraw will be required to make an initial payment of the $350 fee for filing the action whether he prosecutes the case separately or with other plaintiffs. That means that each plaintiff must submit a trust fund account statement for the six-month period immediately preceding the filing of the complaint. The complaint in this case was submitted on June 15, 2010. Plaintiffs' trust fund account statements should cover the six-month period beginning approximately December 14, 2009 and ending approximately June 14, 2010. Once plaintiffs have each submitted the necessary statement, I will calculate each plaintiff's initial partial payment and advise that plaintiff of the amount he will have to pay before the court can screen the merits of the complaint under 28 U.S.C. § 1915(e)(2).

Should a plaintiff choose to withdraw from the lawsuit, he will not have to pay the $350 filing fee. Similarly, should a plaintiff fail to respond to this order, he will be considered to have withdrawn from the lawsuit and he will not have to pay the filing fee.

3

ORDER

IT IS ORDERED that

1. Each plaintiff may have until July 13, 2010, in which to advise the court whether he wishes to prosecute this action jointly.

2. If plaintiffs decide to proceed with the action, each may have until July 13, 2010, in which to submit a trust fund account statement covering the period beginning December 14, 2009 and ending June 14, 2010. If, by July 13, 2010, any plaintiff fails to submit the required statement, that plaintiff will be considered to have withdrawn from the lawsuit voluntarily and will be dismissed from the case without being charged any portion of the $350 filing fee.

Entered this 22d day of June, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge