IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HAJI JOHNSON, DANNY J. GARRETT,
DENNIS H. JACKSON,                                                         ORDER
EMANUEL D. JOHNSON,
SHELTON LOVE, CHARLES L. MOBLEY,                     10-cv-330-bbc
MARK D. PETERSON, JAMES PRICE,
JOHN ROUNDS, CRAIG A. SUSSEK
and MARVIN BELLINGER,

                  Plaintiffs,

      v.

RANDALL HEPP, TIM HAINES,
CHERYL WEBSTER, RICK REAMISCH
and ISREAL OZANNE,
                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a group action brought by plaintiffs, inmates at the Stanley Correctional Institution, alleging violations of their constitutional rights. In an order entered in this case on June 22, 2010, I explained that under Boriboune v. Berge, 391 F.3d 852, 856 (7th Cir. 2004), each plaintiff is subject to the Prisoner Litigation Reform Act and must pay a separate $350 filing fee. In addition, I cautioned plaintiffs about the consequences of prosecuting this lawsuit in a group complaint. I gave plaintiffs until July 13, 2010, to advise the court

1

whether each of them wishes to prosecute this action jointly and to submit trust fund account statements in support of their requests to proceed in forma pauperis. In response to the June 22 order, the court has received a letter from plaintiff Craig Sussek, opting out of the lawsuit because he says that he cannot afford to pay the $350 filing fee. Also before the court is plaintiff Haji Johnson's motion for reconsideration of the June 22 order.

In his motion for reconsideration, plaintiff Johnson asserts that the plaintiffs in this case should not be required to submit individual $350 filing fees. The general statute addressing filing fees is 28 U.S.C. § 1914(a), which states that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . ." In Boriboune, 391 F.3d at 856, the court considered this statute's applicability in the context of lawsuits filed by prisoners. The court held that although generally 28 U.S.C. § 1914(a) requires only one filing fee for each *case* filed, lawsuits filed by prisoners require one filing fee for each *prisoner* because 28 U.S.C. § 1915(b) comes into play, a statute that "specifies a per-litigant approach to fees."

Plaintiff Johnson says in his motion that he believes the court is prohibited from collecting filing fees on a per-litigant basis under 28 U.S.C. § 1915(b)(3) because this section of the statute states that the amount of the filing fee collected should not "exceed the amount of fees permitted by statute . . . ." Plaintiff's understanding of this section is

2

incorrect. Section 1915(b)(3) establishes a limit on the amount of the fees collected from a prisoner's account to an amount no greater than the amount of the filing fee following assessment and payment of an initial partial filing fee. It does not prohibit the court from following the general rule explained in § 1914, as specified for lawsuits filed by multiple prisoners in Boriboune. Therefore, plaintiff's motion for reconsideration of the June 22 order will be denied.

At this point, it remains necessary for each plaintiff to respond to the court indicating whether he intends to proceed in this joint action. Any plaintiff who wishes to proceed in this case will be required to submit a trust fund account statement for the six-month period immediately preceding the filing of the complaint. Because the July 13 deadline has expired, I will extend plaintiffs' deadline by three weeks.

Finally, because plaintiff Sussek does not wish to proceed as a plaintiff in this case, he will be dismissed from the case without owing a filing fee.

ORDER

IT IS ORDERED that

1. Each plaintiff may have until August 13, 2010, in which to advise the court whether he wishes to prosecute this action jointly.

2. If plaintiffs decide to proceed with the action, each may have until August 13,

3

2010, in which to submit a trust fund account statement covering the period beginning December 14, 2009 and ending June 14, 2010.  If, by August 13, 2010, any plaintiff fails to submit the required statement, that plaintiff will be considered to have withdrawn from the lawsuit voluntarily and will be dismissed from the case without being charged any portion of the $350 filing fee.

    3. Plaintiff Craig Sussek is considered to have opted out of this lawsuit and he is DISMISSED from the action.

    Entered this 23d day of July, 2010.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge