IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HAJI JOHNSON, DANNY J. GARRETT,
DENNIS H. JACKSON,                                          ORDER
EMANUEL D. JOHNSON,
SHELTON LOVE, CHARLES L. MOBLEY,                            10-cv-330-bbc
MARK D. PETERSON, JAMES PRICE,
JOHN ROUNDS and MARVIN BELLINGER,

                 Plaintiffs,

     v.

RANDALL HEPP, TIM HAINES,
CHERYL WEBSTER, RICK REAMISCH
and ISREAL OZANNE,
                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Haji Johnson has filed a notice of appeal from the court's June 22, 2010 order informing plaintiffs that in order for them to pursue this case as a group, each of them would have to pay the $350 filing fee. (The case has since been dismissed for plaintiffs' failure to prosecute it.) Because the June 22, 2010 order is not a final order, I understand plaintiff Johnson to be asking for certification that he can take an interlocutory appeal under 28 U.S.C. §1292(b).

      28 U.S.C. § 1292(b) states in relevant part,

1

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

There is not a substantial ground for a difference of opinion on the question whether each of the plaintiffs are required to pay separate filing fees. Boriboune v. Berge, 391 F.3d 852, 856 (7th Cir. 2004) ("one price of *forma pauperis* status is each prisoner's responsibility to pay the full fee in installments . . . no matter how many other plaintiffs join the complaint"). Therefore, I will deny Johnson's request for certification that he can take an interlocutory appeal from the June 22, 2010 order.

Nevertheless, plaintiff Johnson's filing of a notice of appeal triggers a financial obligation: he owes $455 fee for filing his notice of appeal. I will construe his notice of appeal as including a request to proceed in forma pauperis on appeal. A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is in bad faith or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). I will deny Johnson's request because I certify that his appeal from an unappealable non-final order is not taken in good faith.

Because I am certifying plaintiff Johnson's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, he has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Plaintiff Johnson should be aware that he must file these documents in addition to the notice of appeal he has filed previously. If he does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require him to pay the entire $455 filing fee before it considers his appeal. If he does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that

1. Plaintiff Haji Johnson's motion for the court to certify that an interlocutory appeal may be taken from the June 22, 2010 order in this case, dkt. #7, is DENIED.

2. Plaintiff Johnson's request for leave to proceed in forma pauperis on appeal, dkt.

3

#7, is DENIED. The clerk of court is directed to insure that plaintiff's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial records.

Entered this 30th day of September, 2010.

                                              BY THE COURT:
                                              /s/
                                              BARBARA B. CRABB
                                              District Judge