IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HAJI JOHNSON, DANNY J. GARRETT,
DENNIS H. JACKSON,                                                              ORDER
EMANUEL D. JOHNSON,
SHELTON LOVE, CHARLES L. MOBLEY,                                    10-cv-330-bbc
MARK D. PETERSON, JAMES PRICE,
JOHN ROUNDS and MARVIN BELLINGER,

                  Plaintiffs,

  v.

RANDALL HEPP, TIM HAINES,
CHERYL WEBSTER, RICK REAMISCH
and ISREAL OZANNE,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This group civil rights action brought by inmates at the Stanley Correctional Institution was dismissed on September 7, 2010 for plaintiffs' failure to prosecute the case. On August 12, 2010, plaintiff Haji Johnson[1] filed a notice of appeal from the court's June 22, 2010 order informing plaintiffs that in order for them to pursue this case as a group, each of them would have to pay the $350 filing fee. In a September 30, 2010 order, I denied plaintiff's motion to certify that an interlocutory appeal could be taken from the June 22 order as well as his motion to proceed in forma pauperis on appeal.

---

[1] For the sake of clarity I will refer to plaintiff Haji Johnson as "plaintiff" throughout this order.

Now plaintiff has filed another notice of appeal in the court of appeals, which has sent the notice to this court. This notice of appeal is virtually identical to the first; plaintiff again argues that the plaintiffs should have to submit only one filing fee as a group rather than each pay individually. (Plaintiff Johnson is the only plaintiff who signs this document, so I will consider the notice of appeal to be Johnson's only; he has given the court no indication that he is licenced to practice law and can represent others.)

Because plaintiff raises an identical argument on his second notice of appeal, I must give an identical response: plaintiff's request for certification that he can take an interlocutory appeal from the June 22, 2010 order is denied because there is not a substantial ground for a difference of opinion on the question whether each of the plaintiffs is required to pay separate filing fees. Boriboune v. Berge, 391 F.3d 852, 856 (7th Cir. 2004) ("one price of *forma pauperis* status is each prisoner's responsibility to pay the full fee in installments . . . no matter how many other plaintiffs join the complaint").

In addition, because plaintiff has not paid the $455 filing fee for his appeal, I will construe his notice of appeal as including a request to proceed in forma pauperis on appeal. A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is in bad faith or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). I will deny Johnson's request because I certify that his appeal from an unappealable non-final order is not taken in good faith.

Because I am certifying plaintiff's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, he has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Plaintiff should be aware that he must file these documents in addition to the notice of appeal he has filed previously. If he does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require him to pay the entire $455 filing fee before it considers his appeal. If he does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

Finally, I note that it is possible that plaintiff sent the second notice of appeal to the court of appeals in an effort to provide that court a copy of what he sent this court instead of trying to file two appeals in this case. This court has no authority to waive the filing fee for this notice of appeal, but plaintiff remains free to ask the court of appeals to waive the fee because the second notice is duplicative of the first.

ORDER

IT IS ORDERED that

1. Plaintiff Haji Johnson's motion for the court to certify that an interlocutory appeal may be taken from the June 22, 2010 order in this case, dkt. #23, is DENIED.

2. Plaintiff's request for leave to proceed in forma pauperis on appeal, dkt. #23, is DENIED. The clerk of court is directed to insure that plaintiff's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial records.

Entered this 13th day of September, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge